IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES ANDERSON,

                    Petitioner,

    v.

ANN MORAN, Director,
Sand Ridge Secure Treatment Center,[1]

                  Respondent.

OPINION AND ORDER

21-cv-359-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Charles Anderson has filed a one-page petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges his continued confinement at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin under a civil commitment order entered pursuant to the state's sexually violent persons law, Wis. Stat. ch. 980. Petitioner is proceeding pro se and has paid the $5 filing fee, so his petition is ready for screening. Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it is clear from the petition and any attached exhibits that petitioner is not entitled to relief.

Although petitioner does not explain plainly the basis for his petition, he seems to be challenging the refusal of the Circuit Court for Portage County to approve his supervised

---

[1] Although the petition lists the Portage County Corporation Counsel as the respondent, I have substituted the official having custody over petitioner, Sand Ridge Director Ann Moran, as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

release.  Petitioner alleges that after he and the county agreed to the terms of his release, the circuit court raised concerns with the county about certain residence restrictions.  According to petitioner, the county has not answered the court's questions, resulting in petitioner's continued confinement.  Finally, petitioner alleges that "this matter has been appealed to defendant/respondent on April 29, 2021 as the state court of appeals would only stretch this matter out for months absent emergency declaration–of which this is."  Dkt. #1.

The state's publically available electronic records show that a supervised release plan was submitted to the circuit court on January 22, 2021, after which the parties and the court exchanged correspondence.  Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Portage County Case Number 2005CI000004, Jan. 22, Feb. 25, and Mar. 9 entries (visited Aug. 17, 2021).  The next entry is from April 5, 2021, and reads:  "Patient declined to meet with presenter or complete or sign forms–Cover letter with copy of Request for Appointment of Counsel and/or Examiner and Consent to Interview Chapter 980 Re-Examination."  No more entries concerning the January 22, 2021 supervised release plan appear on the state court docket, and there is no record of petitioner's having filed any appeal or other motion for relief, such as a writ of habeas corpus or mandamus.  (State court records do show that on May 20, 2021, the Wisconsin Court of Appeals entered an opinion and order dismissing summarily petitioner's appeal from the circuit court's order revoking his supervised release, but that order was entered February 22, 2019 and is not the subject of the instant petition. Wisconsin Supreme Court and Court of Appeals Access, http://wscca.wicourts.gov, Appeal No. 2020AP0276 (visited Aug. 17, 2021).)

2

Petitioner's decision to style his petition as one brought under § 2254 appears to be correct because he requests immediate supervised release instead of money damages and he is challenging the fact and duration of his continued confinement at the Sand Ridge Treatment Center.   Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for [monetary] relief turning on circumstances of confinement may be presented in a § 1983 action.").  Cf. Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254. . . .  For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement."); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (challenges to parole revocation must be brought in habeas action).

However, as petitioner has been advised in prior orders of this court, *see* Op. and Ord., Mar. 29, 2017, Case No. 16-cv-835-bbc, a petitioner seeking relief in a state habeas petition must first exhaust any remedies he has available in the state courts, including any appeals. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  To exhaust his state remedies, petitioner must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).  As petitioner acknowledges and the state's publically available records confirm, he has not done this, presumably because he believes the process will take too long.  However, a petitioner "cannot

simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995). Petitioner has made no showing that the remedies available to him in the state courts are not adequate to protect his constitutional rights, much less that he has attempted to avail himself of any of these remedies before filing the instant habeas petition. Apart from this, the latest state court docket entry suggests that it may be *petitioner* who is holding up the supervised release process. Whether this is true or not, he has failed to exhaust his state remedies. Therefore, his petition is premature and will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that petitioner has not yet exhausted his state remedies. Therefore, no certificate of appealability will issue.

4

ORDER

IT IS ORDERED that

1.  The petition for a writ of habeas corpus filed by Charles Anderson, dkt. #1, is DISMISSED without prejudice for his failure to exhaust his state court remedies.  The clerk of court is directed to enter judgment for respondent and close this case.

2.  Petitioner is DENIED a certificate of appealability.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 18th day of August, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge