IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES ANDERSON,

                          Petitioner,

    v.

ANN MORAN, Director,
Sand Ridge Secure Treatment Center,

                          Respondent.

OPINION AND ORDER

21-cv-359-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Charles Anderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenged the state's failure to grant his supervised release plan from the Sand Ridge Secure Treatment Center where he remains in custody under a civil commitment order entered pursuant to Wis. Stat. ch. 980. On August 18, 2021, I dismissed the petition for petitioner's failure to exhaust his state court remedies. He had not taken any steps to obtain relief from the state courts or shown that the state court remedies available to him are inadequate to protect his constitutional rights. Dkt. #2. On September 9, 2021, petitioner filed a motion to reconsider that decision under Fed. R. Civ. P. 59.  Dkt. #4. Although the grounds for that motion are not entirely clear, I understand petitioner to be contending that it was error to find that his refusal in April 2021 to sign forms authorizing a Chapter 980 Re-Examination was a "delay tactic." Dkt. #4, at 4. He further suggests that

1

federal court intervention is necessary because his case has "gone dormant" and the circuit court has not yet decided whether to grant him supervised release.  Id.

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Blue v. Hartford Life & Accident Insurance Co., 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted).  Petitioner seems to be relying on the first option, but he has not shown that it was a manifest error of law or fact to dismiss his petition.  First, although I questioned whether petitioner might be "holding up the supervised release process" by failing to sign paperwork, I found that "*whether this is true or not*, he has failed to exhaust his state remedies." 8/18/21 Op. and Ord., dkt. #2, at 4 (emphasis added).  In particular, I noted that there was no record of petitioner's having filed any appeal or other motion for relief, such as a writ of habeas corpus or mandamus; further, petitioner acknowledged that he had not sought relief from the state appellate courts.  Id. at 2.  Nothing in petitioner's reconsideration motion suggests that this finding was incorrect.

Second, as for petitioner's claim that the state court is taking too long to approve his supervised release plan, a review of the state court docket sheet shows that a hearing before the circuit court is scheduled for today at 1:30 p.m.  Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Portage County Case Number 2005CI000004, Sept. 16 entry (visited Sept. 23, 2021).  This contradicts petitioner's claim that his case has gone "dormant."

In sum, because petitioner has not shown the commission of any manifest errors of law or fact in dismissing his motion for habeas corpus relief without prejudice for failure to exhaust his state court remedies, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Charles Anderson's motion for reconsideration, dkt. #4, is DENIED.

Entered this 23rd day of September, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge